IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELLSWORTH M. ROMER<br>4401 Fishermans Court<br>Olney, MD 20832<br><br>BRIAN FRANKEL<br>25330 Kent St.<br>Greensboro, MD 21639<br><br>On behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>　vs.<br><br>HOME DEPOT U.S.A., INC.<br>2455 Paces Ferry Road<br>Atlanta, GA 30339<br><br>SERVE:　　CSC Lawyers incorporating<br>　　　　　　Service Company<br>　　　　　　7 St. Paul St., Suite 1660<br>　　　　　　Baltimore, MD 21202<br><br>　　　　　　　　　　Defendant. | Civil Action No. |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Ellsworth Romer and Brian Frankel, on behalf of themselves and all others similarly situated, by and through undersigned counsel, allege as follows:

### I.　　INTRODUCTION

1.　　This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and is brought to recover overtime wages to which Plaintiffs, former assistant store managers along with all other present and former Assistant Store Managers working for Defendant in Maryland are entitled.

2. Under federal law, employees must be paid 1.5 times their regular rate for all hours worked over 40 in a week, unless they qualify for a statutory exemption.

3. Despite this statutory requirement, Defendant Home Depot U.S.A., Inc., requires its Assistant Store Managers to work without any overtime pay whatsoever when in fact their duties do not qualify them for exempt status.

4. Defendant's acts violate federal overtime laws and affect hundreds of their Assistant Store Managers, current and former. Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, bring this claim and seek unpaid compensation, an equal amount of liquidated damages, attorneys' fees and costs, and all other available and appropriate relief to which they and the other Assistant Store Managers are entitled.

## II.    JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts complained of took place in this judicial district.

## III.    PARTIES

7. Plaintiff Ellsworth Romer is a resident of the State of Maryland. He worked for Defendant in the Laurel, Maryland store from in or about 2002 to October 2009. From March 2007 to October 2009, he held the position of Assistant Store Manager. Although he routinely worked 55 hours per week or more as Assistant Store Manager, he was never paid overtime.

8. Plaintiff Brian Frankel is a resident of the State of Maryland. He worked for

Defendant in the Annapolis, MD store as an Assistant Store Manager from October 2007 to November 2009. Although he routinely worked 55 hours per week or more as Assistant Store Manager, he was never paid overtime.

9. Defendant Home Depot U.S.A., Inc. is a Delaware Corporation, with its principal office located at 2455 Paces Ferry Road, Atlanta, GA 30339. Defendant owns and operates over 1000 stores across the United States and worldwide.

10. In this Complaint, "Home Depot" refers to the Defendant and all successor, predecessor, subsidiary and related entities to which these allegations pertain.

11. Home Depot, which is subject to FLSA requirements, is an employer within the meaning of the FLSA. Home Depot is the employer of the Plaintiffs and all other Assistant Store Managers around the country.

### IV. COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs sue on behalf of themselves and all other Home Depot Assistant Store Managers in Maryland who worked for Defendant at any time from three years prior to the filing of this action to the entry of judgment in this action who give their consent in writing to become party Plaintiffs.

13. This is an appropriate collective or representative action under 29 U.S.C. § 216(b). Plaintiffs and the other Assistant Store Managers are similarly situated in that they (1) are all classified as Assistant Store Managers with the same job responsibilities; (2) spend only a small fraction of time on managerial duties; (3) spend a large amount of time on non-managerial duties such as assisting customers, unloading trucks and cleaning up spills; (4) are closely supervised by store managers; (5) spend most of their time performing the same duties as hourly employees; and (6) are subject to Home Depot's

common plan or practice of designating them as exempt from the overtime requirements of the FLSA when in fact their work, as required by Home Depot, is not exempt.

### V. FACTS

14. At all relevant times, Plaintiffs worked as Assistant Store Managers for Home Depot. There are many Home Depot Assistant Store Managers in Maryland who share a common job title and description. They report directly to a Store Manager in whom resides the real management authority of the store.

15. While Plaintiffs and employees similarly situated have been given the title of Assistant Store Manager, in fact, they are managers in name only. They spend the vast majority of their time performing nonexempt functions, including such tasks as assisting customers, cleaning up spills, and unloading trucks.

16. The FLSA has certain exemptions from its overtime requirement including exemptions for bona fide executive or administrative employees. Neither exemption applies to Assistant Store Managers employed by Home Depot in Maryland.

17. To establish an employee is a bona fide Executive Employee, an employer must show: (1) the employee is compensated on a salary basis at a rate of not less than $455 per week; (2) the employee's primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision; (3) the employee customarily and regularly directs the work of two or more other employees; and (4) the employee has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(1).

18. To establish an employee is a bona fide Administrative Employee, an employer must show: (1) the employee is compensated on a salary basis at a rate of not less than $455 per week; (2) the employee's primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers and (2) the primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. 541.201; 29 C.F.R. 541.202.

19. Neither Plaintiffs nor any other Home Depot Assistant Store Manager qualifies as an Executive or Administrative employee under these tests.

20. The primary duty of Plaintiffs and all other Assistant Store Managers is not management.

21. The Assistant Store Managers do not spend most of their time on exempt tasks. Instead, most of their time is spent performing non-exempt duties.

22. The nonexempt duties performed by Assistant Store Managers do not qualify as administrative tasks under the regulations because they do not relate to the management or general business operations. Instead, they consist of carrying out the day-to-day affairs of the company and do not require the exercise of discretion and independent judgment on matters of significance.

23. Plaintiffs and those similarly situated to them worked in excess of 40 hours per week, yet in clear violation of the FLSA, the Defendants willfully failed to pay Plaintiffs and those similarly situated to them one and one-half times their regular hourly rate in violation of the FLSA.

## COUNT 1 – VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25. Pursuant to 29 U.S.C. § 216(b), Plaintiffs have consented in writing to be party Plaintiffs in this FLSA action. Their written consent is attached to this Complaint.

26. Plaintiffs are entitled to additional compensation for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations. All similarly situated employees are similarly owed overtime compensation, calculated properly, for those overtime hours they worked and for which they were not properly paid.

27. Upon information and belief, in the course of perpetrating these unlawful practices, Defendant has willfully failed to keep accurate records of all hours worked by the Plaintiffs and those similarly situated to them.

28. By reason of the willful and unlawful acts of the Defendant, Plaintiffs and those similarly situated to them have suffered damages plus incurred costs and reasonable attorneys' fees.

29. As a result of the Defendant's willful violation of the FLSA, Plaintiffs and those similarly situated to them are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs for themselves and for all employees similarly situated respectfully request that this Court:

1. Order the Defendant to file with this court and furnish to counsel a list of all names and addresses of all Assistant Store Managers who currently work for or

who have worked for Defendant in Maryland within the last three years;

2. Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former Assistant Store Managers employed by the Defendant during the three years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action and of their right to opt into this lawsuit if they were not paid the FLSA-required overtime;

3. Declare and find that the Defendant committed one or more of the following acts:

    a. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt into this Action;

    b. Willfully violated overtime provisions of the FLSA;

4. Enter judgment against Defendant Home Depot for all unpaid overtime compensation found due to Plaintiffs and all similarly situated employees as a result of Defendant's violation of 29 U.S.C. § 207(a), plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

5. Award Plaintiffs the costs of this action and his reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b).

6. Grant Plaintiffs such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: 7/9/10

Respectfully submitted,

_____
Alan Lescht  Bar No. 12928
Susan L. Kruger Bar No. 15313
ALAN LESCHT & ASSOCIATES, P.C.
1050 Seventeenth St., N.W.
Suite 400
Washington, DC 20036
(202) 463-6036
(202) 463-6067 (fax)
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELLSWORTH M. ROMER )<br>4401 Fishermans Court )<br>Olney, MD 20832 )<br> )<br> ) Civil Action No.<br>BRIAN FRANKEL )<br>25330 Kent St. )<br>Greensboro, MD 21639 )<br> )<br>On behalf of themselves and all others )<br>similarly situated, )<br> )<br>           Plaintiffs, )<br>VS. )<br> )<br>HOME DEPOT U.S.A., INC. )<br>2455 Paces Ferry Road )<br>Atlanta, GA 30339 )<br> )<br>SERVE:    CSC Lawyers incorporating )<br>              Service Company )<br>              7 St. Paul St., Suite 1660 )<br>              Baltimore, MD 21202 )<br> )<br>              Defendant. ) | |

### CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, Ellsworth Romer, declare as follows:

1.  I am a former employee of Defendant Home Depot U.S.A., Inc. and one of the Plaintiffs in this action.

2.  I give my consent to being a Plaintiff in this action. I wish to seek unpaid wages and overtime compensation under the Fair Labor Standards Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26TH day of May, 2010, at _____Olney_____, _____Maryland_____.

_____
Ellsworth Romer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELLSWORTH M. ROMER<br>4401 Fishermans Court<br>Olney, MD 20832<br><br>BRIAN FRANKEL<br>25330 Kent St.<br>Greensboro, MD 21639<br><br>On behalf of themselves and all others<br>similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.<br>2455 Paces Ferry Road<br>Atlanta, GA 30339<br><br>SERVE:　CSC Lawyers incorporating<br>　　　　　　Service Company<br>　　　　　　7 St. Paul St., Suite 1660<br>　　　　　　Baltimore, MD 21202<br><br>　　　　　　　　　Defendant. | Civil Action No. |

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, Brian Frankel, declare as follows:

1. I am a former employee of Defendant Home Depot U.S.A., Inc. and one of the Plaintiffs in this action.

2. I give my consent to being a Plaintiff in this action. I wish to seek unpaid wages and overtime compensation under the Fair Labor Standards Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31 day of May, 2010, at  Greensboro , Maryland .

_____
Brian Frankel