IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELLSWORTH M. ROMER )<br>4401 Fishermans Court )<br>Olney, MD  20832 )<br>           )<br>          and               ) Civil Action No.  8:10-cv-01884-AW<br>BRIAN FRANKEL )<br>25330 Kent St. )<br>Greensboro, MD  21639 )<br>           )<br>           )<br>          Plaintiffs,    )<br>    vs.   )<br>           )<br>HOME DEPOT U.S.A., INC. )<br>2455  Paces Ferry Road )<br>Atlanta, GA  30339 )<br>           )<br>SERVE:   CSC Lawyers incorporating  )<br>      Service Company  )<br>      7 St. Paul St., Suite 1660  )<br>      Baltimore, MD  21202  )<br>           )<br>          Defendant.  ) | |

## AMENDED COMPLAINT

Plaintiffs, Ellsworth Romer and Brian Frankel, by and through undersigned counsel, allege as follows:

### I.    INTRODUCTION

1.    This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and is brought to recover overtime wages to which Plaintiffs, former assistant store managers are entitled.

2.    Under federal law, employees must be paid 1.5 times their regular rate for all hours worked over 40 in a week, unless they qualify for a statutory exemption.

3.	Despite this statutory requirement, Defendant Home Depot U.S.A., Inc., required Mr. Romer and Mr. Frankel to work without any overtime pay whatsoever when in fact their duties do not qualify them for exempt status.

4.	Defendant's acts violate federal overtime laws.  Accordingly, Plaintiffs bring this claim and seek unpaid compensation, an equal amount of liquidated damages, attorneys' fees and costs, and all other available and appropriate relief to which they and the other Assistant Store Managers are entitled.

## II.	JURISDICTION AND VENUE

5.	This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.	Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts complained of took place in this judicial district.

## III.	PARTIES

7.	Plaintiff Ellsworth Romer is a resident of the State of Maryland.  He worked for Defendant in the Laurel, Maryland store from in or about 2002 to October 2009.  From March 2007 to October 2009, he held the position of Assistant Store Manager.  Although he routinely worked 55 hours per week or more as Assistant Store Manager, he was never paid overtime.

8.	Plaintiff Brian Frankel is a resident of the State of Maryland.  He worked for Defendant in the Annapolis, MD store as an Assistant Store Manager from October 2007 to November 2009.  Although he routinely worked 55 hours per week or more as Assistant Store Manager, he was never paid overtime.

9.	Defendant Home Depot U.S.A., Inc. is a Delaware Corporation, with its principal

office located at 2455 Paces Ferry Road, Atlanta, GA 30339. Defendant owns and operates over 1000 stores across the United States and worldwide.

10.     In this Complaint, "Home Depot" refers to the Defendant and all successor, predecessor, subsidiary and related entities to which these allegations pertain.

11.     Home Depot, which is subject to FLSA requirements, is an employer within the meaning of the FLSA. Home Depot is the employer of the Plaintiffs.

### IV.     FACTS

12.     At all relevant times, Plaintiffs worked as Assistant Store Managers for Home Depot. They reported directly to a Store Manager in whom resides the real management authority of the store.

13.     While Plaintiffs were given the title of Assistant Store Manager, in fact, they were managers in name only. They spent the vast majority of their time performing nonexempt functions, including such tasks as assisting customers, cleaning up spills, and unloading trucks.

14.     The FLSA has certain exemptions from its overtime requirement including exemptions for bona fide executive or administrative employees. Neither exemption applies to the Plaintiffs.

15.     To establish an employee is a bona fide Executive Employee, an employer must show: (1) the employee is compensated on a salary basis at a rate of not less than $455 per week; (2) the employee's primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision; (3) the employee customarily and regularly directs the work of two or more other employees; and (4) the employee has the authority to hire or fire other employees or whose

suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.  29 C.F.R. § 541.100(1).

16.To establish an employee is a bona fide Administrative Employee, an employer must show: (1) the employee is compensated on a salary basis at a rate of not less than $455 per week; (2) the employee's primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers and (2) the primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.  29 C.F.R. 541.201; 29 C.F.R. 541.202.

17.Neither Plaintiff qualifies as an Executive or Administrative employee under these tests.

18.The primary duty of Plaintiffs while employed as Assistant Store Managers at Home Depot was not management.

19.Plaintiffs did not spend most of their time on exempt tasks.  Instead, most of their time was spent performing non-exempt duties.

20.The nonexempt duties performed by Plaintiffs do not qualify as administrative tasks under the regulations because they do not relate to the management or general business operations.  Instead, they consist of carrying out the day-to-day affairs of the company and do not require the exercise of discretion and independent judgment on matters of significance.

21.Plaintiffs worked in excess of 40 hours per week, yet in clear violation of the FLSA, the Defendants willfully failed to pay Plaintiffs one and one-half times their

regular hourly rate in violation of the FLSA.

### COUNT 1 – VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23. Pursuant to 29 U.S.C. § 216(b), Plaintiffs have consented in writing to be party Plaintiffs in this FLSA action. Their written consent is attached to this Complaint.

24. Plaintiffs are entitled to additional compensation for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations.

25. Upon information and belief, in the course of perpetrating these unlawful practices, Defendant has willfully failed to keep accurate records of all hours worked by the Plaintiffs and those similarly situated to them.

26. By reason of the willful and unlawful acts of the Defendant, Plaintiffs and those have suffered damages plus incurred costs and reasonable attorneys' fees.

27. As a result of the Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

### COUNT 2—Violation of Maryland Wage and Hour Law

28. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant failed and refused to pay Plaintiffs overtime wages, which are due and owing to them.

30. Defendant's failure to pay Plaintiffs the wages owed to them violates Md. Code,

Labor and Employment Article § 3-415 *et seq*.

### COUNT 3—Violation of Maryland Wage Payment and Collection Law

31. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

32. Defendant failed to pay Plaintiffs overtime wages which are due and owing to them.

33. The aforesaid actions and omissions are in contravention to the Maryland Wage Payment and Collection Law.  Md. Code, Labor and Employment Article § 3-505 *et seq*.

34. Plaintiffs should be awarded treble damages and reasonable attorney's fees for the violation of the Maryland Wage Payment and Collection Law.  Md. Code, Labor and Employment Article § 3-507.2.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare and find that the Defendant committed one or more of the following acts:

    a. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs;

    b. Willfully violated overtime provisions of the FLSA;

    c. Violated provisions of the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law.

2. Enter judgment against Defendant Home Depot for all unpaid overtime compensation found due to Plaintiffs as a result of Defendant's violations of 29 U.S.C. § 207(a), Md. Code, Labor and Employment Article § 3-415 *et seq*. and

Md. Code, Labor and Employment Article § 3-505 *et seq*. plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b) and treble damages, pursuant to Md. Code, Labor and Employment Article § 3-507.2.

3. Award Plaintiffs the costs of this action and their reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b) and Md. Code, Labor and Employment Article §§ 3-427 and 3-507.2.

4. Grant Plaintiffs such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: November 21, 2010

                                                    Respectfully submitted,

                                             _____/s/_____
                                             Alan Lescht  Bar No. 12928
                                             Susan L. Kruger Bar No. 15313
                                             ALAN LESCHT & ASSOCIATES, P.C.
                                             1050 Seventeenth St., N.W.
                                             Suite 400
                                             Washington, DC 20036
                                             (202) 463-6036
                                             (202) 463-6067 (fax)
                                             Attorneys for Plaintiffs