IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| ELLSWORTH M. ROMER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:10-cv-01884-AW |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS

Plaintiffs Ellsworth M. Romer and Brian Frankel and defendant Home Depot U.S.A., Inc. seek approval of their settlement of plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*, and the Maryland Wage Payment & Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501, *et seq.*, and entry of a stipulated judgment.  Since plaintiffs' action includes a claim under the FLSA, the parties' settlement must be approved by the Court and approval must be entered as a stipulated judgment.

I.     BACKGROUND

Plaintiffs Romer and Frankel are former employees of Home Depot.  On July 13, 2010, plaintiffs filed a collective action complaint alleging that Home

1

Depot improperly classified them and other allegedly similar situated employees as exempt from federal overtime requirements. (Docket no. 1.) Home Depot denies that plaintiffs were improperly classified. (Docket no. 4.)

On November 22, 2010, plaintiffs filed an amended complaint withdrawing their collective action claim, but adding individual claims under the MWHL and MWPCL. (Docket no. 15.) In their amended complaint, plaintiffs sought unpaid overtime compensation, liquidated damages under the FLSA, treble damages under the MWPCL, costs, and reasonable attorney's fees. (*Id.*) On December 9, 2010, Home Depot moved to dismiss plaintiffs' claim under the MWPCL. (Docket no. 16.) But before plaintiff's opposition to Home Depot's motion was due, the parties commenced settlement discussions. Thereafter, on December 22, 2010, the parties reached a settlement agreement in principle. (Docket no. 19.)

Plaintiffs Romer and Frankel and Home Depot executed separate settlement agreements, which are attached as exhibits 1 and 2. The agreements resolve each plaintiff's individual FLSA, MWHL, and MWPCL claims, and other claims that were or could have been made by plaintiffs up to and including the date plaintiffs executed the agreements. This included a discrimination charge that plaintiff Romer filed with the Prince Georges County Human Relations Commission and the U.S. Equal Employment Opportunity Commission on January 22, 2010 and subsequently perfected on May 31, 2010.

II.     THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

A district court may approve a FLSA settlement between private litigants by entering a stipulated judgment after scrutinizing the settlement for fairness.  *See Lopez v. NTI, LLC*, ___ F. Supp. 2d ___, 2010 WL 3703287, at *4 (D. Md. Sept. 16, 2010) (Chasanow, J.) (claims for FLSA violations can be settled when the settlement is supervised by the Department of Labor or a court); *Hoffman v. First Student, Inc.*, Civ. No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010) (Quarles, J.).  A settlement of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez*, 2010 WL 3703287, at *6 (internal citations omitted).  Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process."  *Id.*  These compromises reflect many factors, including disagreements over the number of hours worked and the plaintiff's status as an exempt employee. *See id.*

The settlements here are a fair and reasonable resolution of the disputes.  In reaching agreement, the parties have taken into account the uncertainty and risks in litigation, as well as the costs that each party will incur if the litigation continues.  They have concluded that it is in their mutual interest to resolve the litigation now in the manner set forth in the attached agreements.

The parties engaged in arms-length and good-faith negotiations and have reached mutually agreeable confidential settlement agreements.  Plaintiffs have considered the potential value of their claims and concluded that the proposed settlement provides a fair and reasonable resolution of their claims.  Defendant supports this result because it eliminates the uncertainties and risks of further litigation.  To ensure that the parties' settlement agreements are valid and enforceable, the parties jointly present the agreement for the Court's review.

III.    CONCLUSION

Therefore, the parties jointly request that this Court approve their settlement agreement as fair and reasonable, and enter an order of dismissal with prejudice and stipulated judgment.

Respectfully submitted,

Dated:  January 31, 2011

| /s/ Susan L. Kruger | /s/ Joshua B. Waxman |
|---|---|
| (signed by Joshua B. Waxman with permission of Susan L. Kruger) | Joel M. Cohn (admitted *pro hac vice*) |
| Alan Lescht (Bar #12928) | Joshua B. Waxman (Bar # 17990) |
| Susan L. Kruger (Bar #15313) | Ray E. Donahue (Bar # 16372) |
| Alan Lescht & Associates | Akin Gump Strauss Hauer & Feld LLP |
| 1050 17th Street, N.W., Suite 400 | 1333 New Hampshire Avenue, NW |
| Washington, D.C. 20036 | Washington, D.C. 20036-1564 |
| (202) 463-6036 (telephone) | (202) 887-4000 (telephone) |
| (202) 463-6067 (facsimile) | (202) 887-4288 (facsimile) |
| alescht@mindspring.com | jcohn@akingump.com |
| susan.kruger@verizon.net | jwaxman@akingump.com |
| | rdonahue@akingump.com |
| Attorneys for plaintiffs | Attorneys for defendant |
| Ellsworth Romer and Brian Frankel | Home Depot U.S.A., Inc. |