## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.  This Settlement Agreement and General Release ("Agreement") is entered into by and between Ellsworth M. Romer ("Romer") and Home Depot U.S.A., Inc. The term "Home Depot" when used in this Agreement includes Home Depot U.S.A. and its past and present parents, subsidiaries, affiliates, officers, directors, agents, assigns, representatives, and employees.

2.  <u>Non-Admission</u>. This Agreement does not constitute an admission by Home Depot of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.  <u>The Litigation</u>. Romer filed the action entitled *Ellsworth M. Romer, et al. v. Home Depot U.S.A., Inc.*, Civil Action No. 8:10-cv-01884-AW, in the United States District Court for the District of Maryland (Southern Division) on July 13, 2010, and he filed Charge No. 531-2010-0650C with the Prince Georges County Human Relations Commission and the U.S. Equal Employment Opportunity Commission ("EEOC") on January 22, 2010 and subsequently perfected on May 31, 2010 (collectively the "litigation"). Romer and Home Depot desire fully and finally to resolve this litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Romer against Home Depot relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Romer and his counsel represent that there are no other charges, actions, or claims pending on Romer's behalf, other than those set forth in this paragraph.

4.  <u>Joint Motion for Judicial Approval</u>. After execution of this Agreement, the parties will file with the district court a joint motion seeking approval of both this Agreement and the settlement agreement signed by Brian Frankel together with a proposed order dismissing this action as to both Romer and Frankel with prejudice. The parties and their counsel agree to cooperate in good faith and take any needed actions to obtain final approval of the Agreement and to implement the terms and conditions of the Agreement.

5.  <u>Withdrawal of Charge and Claims</u>. Romer agrees to send a letter to the EEOC and the Prince Georges County Human Relations Commission requesting that Charge No. 531-2010-0650C be withdrawn and dismissed. Romer also agrees to withdraw any other claims, charges, or complaints that Romer has initiated or that others have initiated on Romer's behalf against Home Depot in any forum. The obligations in this paragraph are in addition to those in paragraph 4 above.

6. <u>Payment to Romer</u>. In consideration for signing this Agreement and the fulfillment of the promises herein, Home Depot agrees to pay Romer the total amount of $11,250.00. This payment is inclusive of all claims for attorney's fees and expenses and is the maximum amount that Home Depot is obligated to pay under the Agreement. The payment shall be made in the following disbursements within 15 business days after the receipt of the executed Agreement and executed W-9 forms by Romer and his counsel and court approval of the settlement:

(a) <u>Payment to Romer for claims for back pay</u>. Home Depot agrees to pay Romer, as payment for claims for back pay, the sum of $3,375.00, less all applicable withholding taxes and payroll deductions.

(b) <u>Payment to Romer for claims for liquidated damages</u>. Home Depot agrees to pay Romer, as payment for his claims for liquidated damages, the sum of $3,375.00. Home Depot will report this payment on an IRS Form 1099 issued to Romer.

(c) <u>Attorney's fees</u>. Home Depot agrees to pay Romer, as payment for attorney's fees, the sum of $4,500.00 in a check made payable to Romer's attorney, Alan Lescht & Associates P.C. No other payments of any kind will be made pursuant to this Agreement.

7. <u>Waiver and Release of Claims</u>. Romer, on his own behalf, his descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever releases and discharges Home Depot from any and all claims and rights of any kind that Romer may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Romer's employment with Home Depot as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, the Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, et seq., the Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, et seq., state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and

any and all claims for attorney's fees. Romer represents that he knows of no claim that has not been released by this paragraph.

8.  **Non-Interference.** Nothing in this Agreement shall interfere with Romer's right to file a charge, cooperate, or participate in an investigation or proceeding conducted by the EEOC, the Prince Georges County Human Relations Commission, or any other federal or state regulatory or law enforcement agency. However, the consideration provided to Romer in this Agreement shall be the sole relief provided to Romer for the claims that are released herein and Romer will not be entitled to recover and agrees to waive any monetary benefits or recovery against Home Depot in connection with any such released claim without regard to who has brought such claim.

9.  **Payment of Applicable Taxes.** Romer shall be solely responsible for all federal, state and local taxes that may be owed by him by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Romer agrees to indemnify and hold Home Depot harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or any other entity regarding any tax obligations that may arise from the monetary consideration paid to Romer under this Agreement.

10. **Confidentiality and Non-Disclosure.** Romer shall not disclose the fact of this Agreement, the terms of this Agreement, the facts and circumstances giving rise to this Agreement, or the existence of any claim that Romer has, or may have, that is subject to the release of claims contained in this Agreement, to anyone other than his spouse, attorney, and tax and financial advisors, or pursuant to court order or subpoena or as otherwise required by law. Romer agrees to immediately notify Home Depot's Legal Department upon receipt of such a court order or subpoena. Should Romer disclose information about this Agreement to his spouse, attorney and/or tax and financial advisors, he shall advise such persons that they must maintain the confidentiality of such information and must not disclose it unless otherwise required by law, and Romer shall be responsible for any improper disclosure by such persons. If Romer is asked about this litigation, he will respond by saying only, "The matter has been dismissed."

11. **Transfer of Claims.** Romer represents that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity any released claim. Romer agrees to indemnify and hold Home Depot harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorney's fees), causes of action or judgments based on or arising out of any such

3

assignment or transfer. Romer further represents that there is nothing that would prohibit him from entering into this Agreement.

12.   No Future Employment. Romer agrees that his employment relationship with Home Depot has been permanently and irrevocably severed. Romer hereby understands and agrees that he will not be re-employed by Home Depot in the future and that Romer will never knowingly apply to Home Depot for any job or position in the future. Romer agrees that if he knowingly or unknowingly applies for such a position and is offered or accepts a position, the offer may be withdrawn and Romer may be terminated without notice, cause, or legal recourse.

13.   Non-Disparagement. Romer agrees that he will not make or cause to be made any statement that disparage or damage the reputation of Home Depot. Romer further agrees that he will not encourage or incite other current or former employees of Home Depot to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Home Depot. In the event that Romer engages in any of the conduct described in this paragraph, he will be required to reimburse Home Depot the sum of $5,000.00. Romer agrees to refer any requests for an employment reference to Home Depot's employment verification service at www.theworknumber.com or (1-800-367-5690) and to provide Home Depot's Company code for this service, which is 87843. All such calls to the hotline will be responded to with a neutral employment reference consisting solely of information regarding the dates of Romer's employment and positions held.

14.   Romer is Not Prevailing Party. Romer shall not be considered a prevailing party for any purpose.

15.   Breach. Romer agrees that if he breaches this Agreement, including but not limited to his obligations described in paragraphs 7, 10, 11, and 13, Home Depot's obligations under the Agreement shall immediately end and Home Depot shall be entitled to all other remedies allowed in law or equity, including but not limited to the return of $5,000.00. Romer further agrees that any disputes concerning any of the alleged breaches referenced in this Paragraph (other than breach by commencing a suit or action in contravention of this release) will be resolved through arbitration under the procedures outlined by the American Arbitration Association (AAA), a nonprofit organization that administers the arbitration process. The arbitration will be pursuant to the Federal Arbitration Act and the National Rules for the Resolution of Employment Disputes, as published by the AAA, will govern the proceedings. The prevailing party in any claim for breach shall be entitled to recover attorney's fees.

16. <u>Entire Agreement</u>. This Agreement contains the entire agreement between the parties with respect to all disputes or claims that Romer has or could have had against Home Depot as of the date this Agreement is executed, and supersedes all other agreements between Romer and Home Depot with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Romer and Home Depot.

17. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full, general, and valid release of claims by Romer.

18. <u>Acknowledgement</u>. Romer acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that he enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Romer further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that he acknowledges the consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Romer also acknowledges that he has: (a) consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Home Depot; and (b) read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his attorney's advice. Romer acknowledges that he has been given a reasonable time to consider the terms of this Agreement. Romer acknowledges that he is getting more consideration under this Agreement than he is otherwise entitled. Romer acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of Romer's individual benefits that may have been provided by Home Depot, including but not limited to, retirement benefits. Romer further understands and acknowledges that he is only releasing claims in paragraph 7 of the agreement that arose prior to the execution of this Agreement. Romer further acknowledges that he has not been subjected to any discrimination or retaliation on account of his age; nor is he aware of any basis to believe that he has any other claims under the Age Discrimination in Employment Act.

19. <u>Medicare Benefits Acknowledgement</u>. Romer affirms that he is not, and has never been, a recipient of Medicare benefits. Romer further affirms that he has not sought medical treatment or incurred medical costs (either on behalf of himself or through Medicare) as a result of the claims asserted in this lawsuit.

5

20. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

21. <u>Choice of Law.</u> This Agreement is to be interpreted pursuant to the laws of Maryland, except where the application of federal law applies.

ELLSWORTH M. ROMER

_[signature]_

Date: January 19, 2011

HOME DEPOT U.S.A., INC.

By: _[signature]_

Title: Attorney

Date: January 20, 2011

REVIEWED AS TO FORM AND CONTENT:

Date: January 9, 2011

Date: January 25, 2011

ALAN LESCHT & ASSOCIATES P.C.

By: _[signature]_
Attorneys for Plaintiff
ELLSWORTH M. ROMER

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _[signature]_
Attorneys for Defendant
HOME DEPOT U.S.A., INC.