# SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. This Settlement Agreement and General Release ("Agreement") is entered into by and between Brian Frankel ("Frankel") and Home Depot U.S.A., Inc. The term "Home Depot" when used in this Agreement includes Home Depot U.S.A. and its past and present parents, subsidiaries, affiliates, officers, directors, agents, assigns, representatives, and employees.

2. Non-Admission. This Agreement does not constitute an admission by Home Depot of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3. The Litigation. Frankel filed the action entitled *Ellsworth M. Romer, et al. v. Home Depot U.S.A., Inc.*, Civil Action No. 8:10-cv-01884-AW, in the United States District Court for the District of Maryland (Southern Division) on July 13, 2010 (referred to herein as the "litigation"). Frankel and Home Depot desire fully and finally to resolve this litigation and all other claims and disputes, whether or not known or unknown, that have been or could have been made by Frankel or on his behalf against Home Depot relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Frankel and his counsel represent that there are no other charges, actions, or claims by Frankel or on his behalf pending, other than those set forth in this paragraph.

4. Joint Motion for Judicial Approval. After execution of this Agreement, the parties will file with the district court a joint motion seeking approval of both this Agreement and the settlement agreement signed by Ellsworth Romer together with a proposed order dismissing this action as to both Romer and Frankel with prejudice. The parties and their counsel agree to cooperate in good faith and take any needed actions to obtain final approval of the Agreement and to implement the terms and conditions of the Agreement.

5. Withdrawal of Claims. Frankel agrees to withdraw any other claims, charges, or complaints that Frankel has initiated or that others have initiated on Frankel's behalf against Home Depot in any forum. The obligations in this paragraph are in addition to those in paragraph 4 above.

6. Payment to Frankel. In consideration for signing this Agreement and the fulfillment of the promises herein, Home Depot agrees to pay Frankel the total amount of $11,250.00. This payment is inclusive of all claims for attorney's fees and expenses and is the maximum amount that Home Depot is obligated to pay

under the Agreement. Frankel and his counsel agree to provide Home Depot with executed W-9 forms before the Agreement is submitted to the Court for approval. Payment of the settlement amount will be made as follows within 10 business days after the Agreement is finally approved by the district court.

    (a) <u>Payment to Frankel for claims for back pay</u>. Home Depot agrees to pay Frankel, as payment for his claims for back pay, the sum of $3,375.00, less all applicable withholding taxes and payroll deductions.

    (b) <u>Payment to Frankel for claims for liquidated damages</u>. Home Depot agrees to pay Frankel, as payment for his claims for liquidated damages, the sum of $3,375.00. Home Depot will report this payment on an IRS Form 1099 issued to Frankel.

    (c) <u>Attorney's fees</u>. Home Depot agrees to pay Frankel, as payment for attorney's fees, the sum of $4,500.00 in a check made payable to Frankel's attorney, Alan Lescht & Associates P.C. No other payments of any kind will be made pursuant to this Agreement.

7.   <u>Waiver and Release of Claims</u>. Frankel, on his own behalf, his descendants, dependents, heirs, executors, administrators, and assigns fully, finally, and forever releases and discharges Home Depot from all claims and rights of any kind that Frankel may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Frankel's employment with Home Depot as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, the Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, et seq., the Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, et seq., state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorney's fees. Frankel represents that he knows of no claim that has not been released by this paragraph.

8.   <u>Non-Interference</u>. Nothing in this Agreement shall interfere with Frankel's right to file a charge, cooperate, or participate in an investigation or proceeding

conducted by any federal or state regulatory or law enforcement agency. However, the consideration provided to Frankel in this Agreement shall be the sole relief provided to Frankel for the claims that are released herein and Frankel will not be entitled to recover and agrees to waive any monetary benefits or recovery against Home Depot in connection with any such released claim without regard to who has brought such claim.

9. Payment of Applicable Taxes. Frankel shall be solely responsible for all federal, state, and local taxes that may be owed by him by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Frankel agrees to indemnify and hold Home Depot harmless from any and all liability, including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or any other entity regarding any tax obligations that may arise from the monetary consideration paid to Frankel under this Agreement.

10. Confidentiality and Non-Disclosure. Frankel shall not disclose the fact of this Agreement, the terms of this Agreement, the facts and circumstances giving rise to this Agreement, or the existence of any claim that Frankel has, or may have, that is subject to the release of claims contained in this Agreement, to anyone other than his spouse, attorney, and tax and financial advisors, or pursuant to court order or subpoena or as otherwise required by law. Frankel agrees to immediately notify Home Depot's Legal Department upon receipt of such a court order or subpoena. Should Frankel disclose information about this Agreement to his spouse, attorney, or tax and financial advisors, he shall advise such persons that they must maintain the confidentiality of such information and must not disclose it unless otherwise required by law, and Frankel shall be responsible for any improper disclosure by such persons. If Frankel is asked about this litigation, he will respond by saying only, "The matter has been dismissed."

11. Transfer of Claims. Frankel represents that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity any released claim. Frankel agrees to indemnify and hold Home Depot harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorney's fees), causes of action, or judgments based on or arising out of any such assignment or transfer. Frankel further represents that there is nothing that would prohibit him from entering into this Agreement.

12. No Future Employment. Frankel agrees that his employment relationship with Home Depot has been permanently and irrevocably severed. Frankel hereby understands and agrees that he will not be re-employed by Home Depot in the future

3

and that Frankel will never knowingly apply to Home Depot for any job or position in the future. Frankel agrees that if he knowingly or unknowingly applies for such a position and is offered or accepts a position, the offer may be withdrawn and Frankel may be terminated without notice, cause, or legal recourse.

13. Non-Disparagement. Frankel agrees that he will not make or cause to be made any statement that disparage or damage the reputation of Home Depot. Frankel further agrees that he will not encourage or incite other current or former employees of Home Depot to disparage or assert any complaint, claim, or charge, or initiate any legal proceeding, against Home Depot. In the event that Frankel engages in any of the conduct described in this paragraph, he will be required to reimburse Home Depot the sum of $5,000.00. Frankel agrees to refer any requests for an employment reference to Home Depot's employment verification service at www.theworknumber.com or (1-800-367-5690) and to provide Home Depot's Company code for this service, which is 87843. Such calls to the hotline will be responded to with a neutral employment reference consisting only of information regarding the dates of Frankel's employment and positions held.

14. Frankel is Not Prevailing Party. Frankel shall not be considered a prevailing party for any purpose.

15. Breach. Frankel agrees that if he breaches this Agreement, including but not limited to his obligations described in paragraphs 7, 10, 11, and 13, Home Depot's obligations under the Agreement shall immediately end and Home Depot shall be entitled to all remedies allowed in law or equity, including but not limited to the return of $5,000.00. Frankel further agrees that any disputes concerning any of the alleged breaches referenced in this paragraph (other than breach by commencing a suit or action in contravention of this release) will be resolved through arbitration under the procedures outlined by the American Arbitration Association (AAA), a nonprofit organization that administers the arbitration process. The arbitration will be pursuant to the Federal Arbitration Act and National Rules for the Resolution of Employment Disputes, as published by the AAA, will govern the proceedings. The prevailing party in any claim for breach shall be entitled to recover attorney's fees.

16. Entire Agreement. This Agreement contains the entire agreement between the parties with respect to all disputes or claims that Frankel has or could have had against Home Depot as of the date this Agreement is executed, and supersedes all other agreements between Frankel and Home Depot with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Frankel and Home Depot.

4

17. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full, general, and valid release of claims by Frankel.

18. <u>Acknowledgement</u>. Frankel acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that he enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Frankel further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that he acknowledges the consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Frankel also acknowledges that he has: (a) consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Home Depot; and (b) read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his attorney's advice. Frankel acknowledges that he has been given a reasonable time to consider the terms of this Agreement. Frankel acknowledges that he is getting more consideration under this Agreement than he is otherwise entitled. Frankel acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of Frankel's individual benefits that may have been provided by Home Depot, including but not limited to, retirement benefits. Frankel further understands and acknowledges that he is only releasing claims in paragraph 7 of the Agreement that arose prior to the execution of this Agreement.

19. <u>Medicare Benefits Acknowledgement</u>. Frankel affirms that he is not, and has never been, a recipient of Medicare benefits. Frankel further affirms that he has not sought medical treatment or incurred medical costs (either on behalf of himself or through Medicare) as a result of the claims asserted in this lawsuit.

20. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

21. <u>Choice of Law.</u> This Agreement is to be interpreted pursuant to the laws of Maryland, except where the application of federal law applies.

BRIAN FRANKEL

_____
[signature]

Date: January 9, 2011

REVIEWED AS TO FORM AND CONTENT:

Date: January 10, 2011

Date: January 25, 2011

HOME DEPOT U.S.A., INC.

By: _____
[signature]

Title: Attorney

Date: January 20, 2011

ALAN LESCHT & ASSOCIATES P.C.

By: _____
[signature]
Attorneys for plaintiff
BRIAN FRANKEL

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
[signature]
Attorneys for defendant
HOME DEPOT U.S.A., INC.

6